## Commonwealth ex rel. Wakeley, Appellant, *v.* Myers.

Submitted January 5, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*John Wakeley,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 22, 1966:

On March 18, 1963, John Wakeley plead guilty generally to murder. At the time, he was represented by able and experienced counsel. In an exercise of caution, the trial court interrogated him personally before accepting the plea to make certain it was understandingly and knowingly entered. Subsequently, the court heard testimony on behalf of the Commonwealth and the defendant, following which it entered a finding of

guilty of murder in the second degree. Sentence of imprisonment for a term of 10 to 20 years was imposed. No motion was ever filed to withdraw the plea, nor appeal entered from the judgment.

On January 14, 1965, Wakeley instituted an action in habeas corpus which, after hearing, the lower court dismissed. From this order, an appeal was filed but later discontinued.

On June 29, 1965, a second action in habeas corpus was filed alleging substantially the same reasons for the issuance of the writ as asserted in the previous action. From an order dismissing the proceedings without hearing, this appeal was taken.

Wakeley alleges that following his arrest he was coerced by police investigating officers into confessing his guilt in the commission of the crime. He also states that during the police interrogation he was held incommunicado; was denied the assistance of counsel despite a request for the same, and was not advised of his constitutional rights. He further maintains that, in view of the existence of the confession, he was "influenced" and "coerced" by his counsel into pleading guilty. He also asserts that his plea was influenced by the advice of his counsel to the effect that his guilt would be fixed at second degree and "a moderate" sentence imposed.

A study of the record discloses that the crime occurred on November 2, 1960, and that trial was held on March 18, 1963. In between these dates, the case was listed for trial several times. It was continued, in some instances, to afford Wakeley additional time for preparation and an opportunity to secure new counsel. At the plea hearing, the confession was introduced in evidence without objection or a semblance of a hint that it was involuntarily made or constitutionally invalid. Additionally, in his own testimony at this hearing, Wakeley candidly admitted causing the death of

the victim, but attempted to show lack of malice and intent to kill through the recitation of facts indicating drunkenness and emotional distress at the time.

Under such circumstances, Wakeley's present contention that his plea of guilty was involuntarily entered is belied by the record. Likewise, the admission of his confession in evidence, under the record facts, would not warrant the issuance of a writ of habeas corpus, see, *Commonwealth ex rel. Knowles v. Rundle,* 419 Pa. 300, 213 A. 2d 635 (1965), and *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 213 A. 2d 378 (1965); nor would the fact that he received a longer sentence than he and his counsel expected.

Order affirmed.