John Thomas **BENTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19824.

United States Court of Appeals Ninth Circuit.

Oct. 23, 1965.

John Thomas Benton, in pro. per.

Wm. P. Copple, U. S. Atty., Henry L. Zalut, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

This matter involves a propria persona and forma pauperis appeal, combining an untimely appeal from a conviction after a plea of guilty, of 18 U.S.C. § 2113 (bank robbery), and a timely appeal from the denial of a motion under 28 U.S.C. § 2255. Instead of a reply brief, appellant has filed with the clerk of this court a letter, dated June 14, 1965, stating that if counsel for appellee is correct in saying that because of appellant's guilty plea, the search and seizure, coercion and confession issues cannot be considered in a § 2255 proceeding, leaving only the waiver of counsel question, then appellant wishes to withdraw his appeal.

In view of the allegation of fact made by appellant on this appeal with respect to the search and seizure, the coercion, and the confession issues, we agree with appellee that appellant's plea of guilty prevents any consideration thereof on this appeal.

On the issue "whether or not I intelligently waived my right to counsel," appellant represents to us that he was "without legal counsel when he signed a waiver of indictment and pleaded guilty," and that thereafter the court appointed an attorney. The reporter's transcript of the proceedings shows otherwise. Douglas Peterson, Esq., of the State Bar of Arizona, was appointed as appellant's attorney *before* he waived indictment and pleaded guilty. (Clerk's transcript, document 4, page 2.) On four occasions the appellant stated he wanted to plead guilty before his plea; once *before*, and three *after*, an attorney was appointed. (Document 4, page 2, line 14; document 4, page 3, line 12; document 4, page 5, line 15; document 4, page 6, line 3.) He then plead. (Document 4, page 6, line 4.) His attorney was present at all times.

Appellant urges he had discharged his attorney. The court did not accept the discharge. The court was not required to nor could it force an attorney on defendant. Proof of defendant's guilt depended on his plea alone; not on the skills or knowledge of any attorney. But here defendant had an attorney's advice.

Defendant "must know what he is doing, and do it with his eyes open." That he did so here is fairly demonstrated by the record. The defendant knew of his right to counsel, he made the plea voluntarily and without coercion, and apparently with a full understanding of what he was doing.

Affirmed.