459 P.2d 302

**The STATE of Arizona, Appellee,**

**v.**

**Donald CHAMBERS, Appellant.**

**No. 1684.**

Supreme Court of Arizona.

In Banc.

Oct. 10, 1969.

See also 102 Ariz. 234, 428 P.2d 91.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Carmichael, Johnson, Stephens & VanLandingham, by N. Pike Johnson, Jr., Phoenix, for appellant.

HAYS, Justice.

Donald Chambers was convicted of murder in the first degree and sentenced to life imprisonment. After the usual preliminary proceedings at which the defendant was represented by counsel, the case proceeded to trial.

The trial had been in progress two days or so when defendant's counsel indicated to the court and the county attorney that the defendant wished to withdraw his plea of not guilty and to enter a plea of guilty to the charge. The following then took place:

"THE COURT: Let the record show the jury are all present.

You may proceed, gentlemen.

MR. WEINSTEIN: At this time the defendant has a motion which I would like to present to the Court.

We would ask that the defendant be allowed to withdraw his former plea of not guilty and enter a new plea of guilty to the information.

THE COURT: You will come before the bench.

The Court understands that you formerly plead guilty to the information. Your counsel has now stated to this Court that you wish to withdraw the plea and enter a plea of guilty to the information, is that correct?

MR. CHAMBERS: Correct.

THE COURT: Do you understand what this may permit the Court doing. This

information is a first degree charge, you understand that?

MR. CHAMBERS: Yes.

THE COURT: I assume you have discussed this matter with your attorney, have you not?

MR. CHAMBERS: Yes.

THE COURT: I believe that—I suppose that he has told you what the results may be if you plead guilty to this information, has he not?

MR. CHAMBERS: Yes.

THE COURT: Have you, Mr. Weinstein, discussed this with your client and told him this is a serious matter?

MR. WEINSTEIN: Yes, Your Honor. I explained it to him.

THE COURT: All right. The Court accepts your plea of guilty to the information as charged and the sentencing will be on Tuesday at 1:30, the 20th day of December, 1965."

P. 211 Reporter's Transcript.

After the defendant was sentenced a timely notice of appeal was filed. Thereafter the defendant negotiated with various attorneys, and at one stage insisted on handling the appeal himself. Extensions of time to perfect the appeal were granted. During the pendency of the appeal two petitions for writs Coram Nobis were filed with this court and denied.

Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) counsel was appointed to handle this appeal. The only question presented on the appeal is: Does the record below support the conclusion that appellant's plea of guilty to the charge of first degree murder was voluntary?

We answer that question in the affirmative.

In an affidavit filed in support of the second Coram Nobis petition and adopted by reference in the brief on appeal, the defendant states:

"Comes now Donald Chambers, Affiant, and states as follows: That his plea of guilty in the above entitled cause was based upon a promise of leniency, to-wit: That if he plead guilty rather than proceed with the trial, he would receive life imprisonment rather than the death penalty, further: That his plea of guilty was based upon the statement of his counsel that certain evidence would be introduced at trial, which evidence was not introduced and the admissibility of which was never ruled upon by the Court. Further, that affiant is innocent of the crime charged, to which he plead guilty. Dated this 21st day of May, 1968.

/s/   Donald Chambers"

The affidavit basically lends no support to defendant's postion. If leniency he was promised, leniency he got, for the court gave him life imprisonment. He cannot complain about evidence not being introduced by the state, since by the action of changing his plea the taking of evidence was brought to a halt.

We hold, that in the absence of affirmative allegations which would cast suspicion on the validity of the record, we will not disturb the plea and the judgment of the trial court. Although now defendant protests his innocence there is nothing in his affidavit which even infers that the plea of guilty was not freely and voluntarily entered. The discourse with the court further confirms this.

In State v. Griswold (1969) 105 Ariz. 1, 457 P.2d 331, we indicated that we would apply Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) prospectively. Under the circumstances of this case we might even doubt if a retroactive application of Boykin would change the result.

The conviction is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.

McFARLAND, Justice (specially concurring).

I concur in the result. The facts here closely parallel those in State v. Jennings, 104 Ariz. 3, 448 P.2d 59, wherein we held

that the trial court properly safeguarded the defendant's rights by causing the record to show, by personal inquiry, that the plea was entered "* * * voluntarily, after proper advice and explanation *by the court* with a full understanding of its consequences." [Emphasis added.] Id. at 61.

As such, the factual situation does not give rise to the problem that prompted my dissenting opinion in State v. Griswold, 105 Ariz. 1, 457 P.2d 331, 335.