469 P.2d 82

The STATE of Arizona, Appellee,
v.
Richard L. CORDOVA, Appellant.

No. 1958.

Supreme Court of Arizona,
In Banc.

May 13, 1970.

Rehearing Denied June 9, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Robert C. Whitten, Phoenix, for appellant.

UDALL, Justice:

This case comes on appeal from an order of the Superior Court of Maricopa County granting leave to withdraw a former plea of "not guilty" with leave to enter a plea of guilty, and from the judgment of guilt, conviction and sentencing pursuant to the plea of guilty. The appeal was not timely filed but a motion to take a delayed appeal was granted by this Court by virtue of A.R.S. § 13–1711 and § 13–1713, subsec. 1.

The general fact situation is as follows: An information was filed in the Superior Court on February 28th, 1967, charging the defendant with robbery. An arraignment was held on March 6, 1967 at which time the defendant pleaded "not guilty" to the charge.

On April 19, 1967 the defendant was permitted to withdraw his former plea of "not guilty" and enter a plea of guilty. On April 26, 1967 the defendant was sentenced to serve a term of not less than eleven nor more than fifteen years in the Arizona State Prison.

In this appeal the defendant contends that the judgment and sentencing were constitutionally defective because the trial court, at the time of the entry of his plea of guilty, failed to advise him of the exact consequences of his plea including the maximum sentence which could be imposed. Defendant asks this court to hold that his plea was not voluntarily or knowingly made.

There is no doubt that due process requires a plea of guilty to be made voluntarily and with understanding. Brady v. United States, 397 U.S. ——, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (1968). With such requirements in mind, the trial judge in the instant case, before accepting the plea questioned the defendant to determine whether the plea was made voluntarily and with an understanding of the consequences:

The Court: "Have you had an opportunity to discuss with your lawyer the nature and consequences of this change of plea?"

The defendant: "Yes."

The Court: "You recognize that in entering a plea of guilty to a charge of robbery you could be sentenced to the Arizona State Prison?"

The defendant: "Yes."

The Court: "And you are willing to make this change of plea with that knowledge and that understanding?"

The defendant: "Yes."

The Court: "Have any promises been made to you by counsel or the County Attorney, or anyone else to get you to change your plea?"

The defendant: "No, except to drop the other charges."

The Court: "Have any threats been made to you by counsel or the County Attorney or anyone else to get you to change your plea?"

The defendant: "No."

The Court: "Any promises of immunity?"

The defendant: "I don't understand."

The Court: "That they would not bring any other charges against you or not

require you to do anything for them. Do you understand that?"

The defendant: "Yes."

The Court: "I understand that you had some previous experience with the law and the courts."

The defendant: "Yes."

The Court: "And you know what it means to be in the courtroom?"

The defendant: "Yes."

The Court: "I take it, then, that you have had previous experience in the courtroom?"

The defendant: "Yes."

The Court: "Now do you fully understand, then, the nature and consequences of this change of plea?"

The defendant: "Yes."

The Court: "And you do so willingly?"

The defendant: "Yes."

At the close of the Court's questioning of the defendant the Court made the following statement:

"Let the record show that the defendant indicates to the Court that he has consulted with counsel on the nature and consequences of a change of plea; that the Court has interrogated the defendant in open court and that he has indicated to the Court that he does make this change of plea willingly and that he does so knowingly and with knowledge and understanding, and the Court so finds."

We thus believe that the record itself indicates that the plea was knowingly and voluntarily entered.[1] The trial judge's questioning of defendant was in many respects similar to that cited with approval recently by the United States Supreme Court in Brady v. United States, supra, n. 2.

Defendant does not allege any circumstances outside the record which would show that defendant was in fact either ignorant of the consequences of his plea or coerced into entering the plea. Defendant was represented by counsel, and defendant advised the trial court that he had an opportunity to discuss the nature and consequences of his plea with his attorney.

Under these circumstances we are unable to find a sufficient basis for holding that defendant's plea was not voluntarily or knowingly made.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.

---

1. Defendant relies upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which held that there must be an affirmative showing that the plea was knowingly and voluntarily entered. In Boykin, however, the trial court had asked the defendant no questions whatsoever to determine whether the plea was voluntarily or knowingly made. The U.S. Supreme Court has not yet passed on whether Boykin should be applied retroactively. See Brady v. United States, supra, n. 4. This court has held that it will not apply Boykin retroactively. State v. Griswold, 105 Ariz. 1, 457 P.2d 331.