495 P.2d 134

**STATE of Arizona, Appellee,**

v.

**Michael Brian CARR, Appellant.**

**No. 2201.**

Supreme Court of Arizona,
In Division.

March 30, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Messing, Hirsh & Franklin, by Robert J. Hirsh, Tucson, for appellant.

HOLOHAN, Justice:

The defendant, Michael Brian Carr, was charged by information with five felonies. On motion of his defense counsel, the defendant was tried separately on Count V of the information which charged Armed Robbery, and after trial by jury the defendant was found guilty of the offense and sentenced by the Superior Court to a term of not less than 10 nor more than 12 years. Approximately one month later, on April 23, 1970, the defendant was returned to the Superior Court where he, with his counsel, changed his plea to "Guilty" as to Count II, Grand Theft. The trial court in-

quired into the matter before accepting the plea and made a finding of the voluntary and knowing nature of the plea and then accepted the plea. The state's motion to dismiss two counts of burglary, one count of Armed Grand Theft, and the allegation of prior conviction was granted and the charges mentioned were dismissed. The trial court sentenced the defendant to serve not less than 9 nor more than 10 years in the state prison with the term to commence and run concurrently with the sentence previously imposed on Count V, Armed Robbery.

The defendant appeals claiming as error that there was not a sufficient showing of voluntariness of his confession; that the jury was improperly instructed; that his attorney had a conflict of interest; and finally that his plea and sentence on the Grand Theft count must be set aside because the record fails to show that he was advised of the maximum punishment possible under that charge.

■ While in custody the defendant was interrogated by detectives of the Pima County Sheriff's Department. Counsel for the defendant does not claim that the so called "Miranda warnings" were not given, but counsel argues that the resultant confession should not have been admitted in evidence because it was obtained or induced by trickery in that the defendant was led to believe that his fingerprints were on the cash register where the robbery took place when in fact they were not. The transcript reveals that the detectives told the defendant during the interrogation that they had taken two sets of fingerprints from the cash register, but the defendant was not told that these fingerprints were his. All the evidence produced at trial showed these statements by the detectives were, in fact, true. Two sets of fingerprints were taken at the scene but it was after their conversation with the defendant that the detectives learned that the prints could not be established as the defendant's. No false statements having been made, the defendant cannot complain

because of his belief in what might be established. The confession was properly received in evidence. See State v. Stevenson, 104 Ariz. 313, 452 P.2d 106 (1969).

■ Next, the defendant contends that the trial court erred in instructing the jury as follows:

"You are instructed that the presumption of innocence gives way in the face of facts to the contrary proved beyond a reasonable doubt."

The appellant singles out this one paragraph, but in order to determine if there has been any prejudice, we must view the instructions as a whole. We approve of the recent trend to keep instructions on reasonable doubt simple since the attempts to explain and define it may be more perplexing than helpful.

■ The questioned instruction, when read along with the other instructions, correctly defines the concept of reasonable doubt. The questioned instruction, however, adds nothing to help the jury understand the term "reasonable doubt."

■ Concerning the issue of conflict of interest, the record discloses that Howard Kashman, prior to January 1, 1970 was a Deputy County Attorney, and in that capacity he approved the issuance of the complaint which gave rise to the charges against the defendant in this case. Subsequently, Mr. Kashman was appointed to the Pima County Public Defender's Office. The defendant, being indigent and requesting counsel, was appointed counsel by the court which counsel was the Public Defender. Mr. Kashman did not remember anything about the original complaint authorized against the defendant, and he was unaware of the conflict throughout the case. The defendant was represented by a Deputy Public Defender, and Mr. Kashman did not personally handle the trial nor participate in the preparation of the appeal papers. He did make one appearance on behalf of the defendant and this was at the sentencing on Count II on April 24, which was subsequent to the jury trial and sentencing on the Robbery charge (Count V)

and after the change of plea to guilty on Count II.

Appellant urges this Court to treat this situation as a conflict of interest and apply the rule of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) and State v. Belcher, 106 Ariz. 170, 472 P. 2d 39 (1970), and not speculate on whether or how much prejudice existed but rather presume the prejudice and reverse.

In Belcher, though, this Court, in relying upon Glasser and quoting from State v. Kruchten, 101 Ariz. 186, 417 P.2d 510, said:

"* * * where a conflict of interest exists in *representation of codefendants* by the same counsel, prejudice will be presumed:

" 'Plainly, where a lawyer undertakes to represent two or more co-defendants and an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed. But an actual conflict must, in fact, have existed or been inherent in the facts of the case from which the possibility of prejudice flowed.' 101 Ariz. 186, 199, 417 P.2d 523." [Emphasis supplied.]

In Glasser and Belcher one attorney represented co-defendants and undertook to represent interests which were divergent. In Belcher, appellant's attorney was unable to call a witness also involved in the same crime because to do so would conflict with counsel's dual representation of that witness. Clearly there was a conflict of interest which required reversal. Such a holding, though, cannot be applied to the facts of this case. There was no dual representation of co-defendants with divergent interests. Kashman, a Deputy County Attorney, merely approved the complaint, and he had no further connection with the case. Thereafter he took no further part in the handling of the case nor in the appeal until his appearance when a concurrent sentence was imposed after a plea of guilty to Count II. We find no possible prejudice

to have occurred as to the defendant. As the Supreme Court of Pennsylvania stated in Commonwealth v. Wakeley, 433 Pa. 159, 249 A.2d 303 (1969), on almost identical facts:

"* * * it is hard to see how a conflict existed. Counsel, as acting district attorney at the indictment stage, was unlikely to have known the details of appellant's case. And any knowledge he might have had would have worked to appellant's advantage when counsel was appointed to represent him."

The record discloses that the defendant was effectively represented in the trial court by his appointed counsel and as soon as the Public Defender realized his former association with the case, he moved to withdraw, which motion was granted, and new counsel was appointed who prosecuted this appeal upon behalf of the defendant. Beyond all doubt the defendant suffered no prejudice as a result of his representation.

■ Lastly, the defendant urges that the sentence on Count II should be set aside because the court did not comply with Rule 330 of the Criminal Rules, 17 A.R.S., in sentencing the defendant and further that his plea was not knowingly made.

The defendant had been brought from the state prison to be tried on the remaining counts of the information. A plea bargain had been arranged with the state whereby three counts and an allegation of a prior conviction would be dismissed, and the defendant would plead guilty to Count II, Grand Theft. The trial judge carefully went over the matter with the defendant in open court to determine that he understood the situation; that he knew the nature of the charge against him; that he was admitting his guilt of the specific charge and was giving up his right to trial by jury. The trial court inquired into the matter further to determine whether the plea was being voluntarily made, free of any duress, threats or coercion. After being satisfied on all matters the court accepted the plea as a voluntary plea.

Counsel for the defendant on the day of sentencing urged the trial court to make the sentence concurrent with his present term and to date its commencement back some six months to coincide with the other term. The trial court granted the request in both respects and made the term concurrent and dated its commencement to the date asked.

The record satisfies us that there was substantial compliance by the trial court with Rule 330 of the Rules of Criminal Procedure, and any defects were in form not substance and caused no prejudice to the defendant.

Regretfully, the record does not disclose that the defendant was advised or knew of the maximum range of sentences. It is difficult to conceive in this case that the defendant was not aware of the range of possible sentences. His counsel was able and experienced, and the result achieved was favorable to the defendant at least in part; nevertheless, the rule as announced in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, requires that the record show affirmatively all the elements necessary to establish that the plea of guilty was made voluntarily and intelligently. The record must show that the defendant was advised of the permissible range of sentences.

The records reflect a voluntary plea of guilty and the only element not shown to establish that the plea was intelligently made is that concerning the range of sentences.

The defendant may have been advised by his counsel, the probation officer, or knew from his past experience the range of sentence, but this knowledge must be shown, therefore the matter as to Count II must be returned to the trial court for a hearing following the procedure outlined in State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971).

The conviction and sentence as to Count V, Armed Robbery is affirmed, but the matter as to Count II is returned to the trial court for an evidentiary hearing, and,

if the court below finds that the defendant was advised of the range of sentences, then it will advise this Court by appropriate findings of fact in which event, if the findings are supported by the evidence, the judgment of conviction will be affirmed. If the court below finds that the defendant was not advised or knew of the range of punishments, the plea of guilty will be set aside, the original information will be reinstated, and the matter will proceed to trial.

Affirmed in part, reversed in part.

STRUCKMEYER, and LOCKWOOD, JJ., concur.