552 P.2d 1191

STATE of Arizona, Appellee,

v.

Gregory Alan GEIGER, Appellant.

No. 3471.

Supreme Court of Arizona,
In Banc.

July 15, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Richard D. Coffinger, Glendale, for appellant.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from a plea of guilty to a charge of second degree burglary, a violation of A.R.S. §§ 13–301 and 13–302. By A.R.S. § 13–302(A), burglary is committed if a person enters a "store * * * with intent to commit * * * petty theft * * *." Appellant argues that there was not a sufficient factual basis to support the acceptance of his guilty plea to petty theft in that his statement to the trial court did not provide evidence of the requisite intent.

At the hearing at which appellant pled guilty, the trial court asked him what had happened. He replied:

"Well, sir, on that date, I did walk into a U totem store and walk over to

the cooler, pick up two or three packs of bacon, put it in front of me, walked out of the store."

We have previously held that a court need not ascertain the factual basis for a plea at the time that it is taken but may satisfy itself later, from other sources such as a presentence report, that there is such a basis. *State v. Durham,* 108 Ariz. 327, 498 P.2d 149 (1972); *State v. Williker,* 107 Ariz. 611, 491 P.2d 465 (1971).

 Appellant's presentence report includes a statement made by him to the effect that, at the time of his arrest, he and his associates had been shoplifting convenience markets for approximately two months. They would "go all day long, everyday" and sell the goods to a "fence" in order to supply their heroin addiction. Appellant approximated that on the day in question they had stolen $150.00 worth of food. The presentence report supports an inference of the existence of the intent to commit petty theft.

Appellant argues that his guilty plea was not made knowingly, voluntarily, and intelligently with a full understanding of the consequences thereof. The trial court addressed the appellant personally and the following transpired:

"Q. You have entered into a plea agreement, which you agreed to plead to second degree burglary, is that correct, sir?

A. Yes, sir.

Q. You understand the possible range of sentence in this matter?

A. Yes, sir.

Q. It could be from probation up to five years, or a certain period of time in the County Jail or a fine, correct, sir?

A. Yes, sir.

Q. Or it can be treated as a misdemeanor, is that correct, sir?

A. Yes, sir."

The designation of a crime as a felony or misdemeanor depends on the place of incarceration. A.R.S. § 13–103(A); *State v. Morales,* 98 Ariz. 169, 402 P.2d 998 (1965); *State v. Garoutte,* 95 Ariz. 234, 388 P.2d 809 (1964). Second degree burglary is punishable by imprisonment in the state prison for not more than five years and is, consequently, a felony and cannot be treated as a misdemeanor. Moreover, it is not punishable by a fine. A.R.S. §§ 13–302(B) and 13–1657. For a plea to be intelligently made, a defendant must understand the "consequences of the plea," *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Hooper,* 107 Ariz. 327, 487 P.2d 394 (1971); Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S., and this must affirmatively appear on the record, *State v. Carr,* 108 Ariz. 203, 495 P.2d 134 (1972).

It is clear that appellant could not have entered a plea of guilty knowingly and intelligently under the circumstances.

Appellant's plea of guilty is ordered vacated and judgment of conviction reversed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.