590 P.2d 444

STATE of Arizona, Appellee,

v.

William Eugene CUTLER, Appellant.

No. 4394.

Supreme Court of Arizona,
In Banc.

Jan. 9, 1979.

Rehearing Denied Feb. 14, 1979.

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

William Eugene Cutler, hereinafter referred to as the defendant, pled guilty to unlawful failure to return a rented vehicle in violation of A.R.S. § 13–677. In the plea agreement, the parties stipulated that the defendant would make restitution to the victim and pay court costs to the county and that his plea could be withdrawn if any prison time were imposed. The court accepted his plea and placed him on probation for three years. As a condition of probation, he was incarcerated in the county jail for a year, as allowed by A.R.S. § 13–1657 A.1. The defendant contends that the court erred by failing to advise him, when accepting his plea, that he could be confined in the Maricopa County Jail for one year as a condition of probation. This Court agrees. Taking jurisdiction pursuant to 17A A.R.S., Rules of Supreme Court, rule 47(e)5, we remand to the Superior Court for a hearing to determine if the defendant was aware that jail time, as a condition of probation, was a potential consequence of his plea. If the defendant knew of this potential, we hold that the trial court's error was not reversible.

Before accepting the defendant's guilty plea, the trial court advised him that the crime to which he pled carried a sentence of no greater than three years in prison, if treated as a felony, or six months in jail, if treated as a misdemeanor. The plea agreement stipulated that the plea could be withdrawn if prison time were imposed. The defendant, therefore, could reasonably have believed that the maximum incarceration that he faced, as a result of his plea, was six months in the county jail. Moreover, this six months could have been reduced further with double-time credits pursuant to A.R.S. § 31–144. Instead he received a "flat" year of jail time. This was substantially the equivalent of a maximum prison term modified by good-time and double time deductions. A.R.S. § 31–251 B and § 31–252. The defendant refused to sign the terms of probation. Although this may reflect his displeasure with the amount of restitution imposed, it may also reflect his surprise at receiving a full year of jail time.

■ A plea of guilty is more than a confession, it is itself a conviction. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and must, therefore, be in *"every respect voluntary."* (Emphasis added.) *State v. Linsner*, 105 Ariz. 488, 491, 467 P.2d 238, 241 (1970). A judge may not accept a defendant's plea without first ascertaining that it is voluntary and intelligently made. 17 A.R.S., Rules of Criminal Procedure, rules 17.1.b. and 17.3. Because a defendant waives certain constitutionally protected rights by pleading guilty, the plea itself must be tantamount to a voluntary and intelligently made waiver of those rights, or it is invalid under the due process clause of the Fourteenth Amendment. *See McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *State v. Cordova*, 105 Ariz. 597, 469 P.2d 82 (1970).

■ For a plea to be intelligently made, a defendant must thoroughly understand its consequences. *State v. Geiger*, 113 Ariz. 297, 552 P.2d 1191 (1976). Moreover, in order for a plea to be deemed voluntary, the defendant must be aware of its ramifications and must be apprised of the range of sentence that he could face and of the rights he will forfeit. *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975). Therefore, if the defendant does not have a proper understanding of what can happen

as a result of his plea, it is not voluntarily made and is void. *State v. Jennings*, 104 Ariz. 3, 448 P.2d 59 (1968).

■ Because incarceration is a severe deprivation of liberty, we hold that, unless the defendant is advised of the possibility at the time he pleads guilty, he cannot be given more jail time as a condition of probation than the amount of jail time he could receive as a sentence.

■ The state acknowledges that, before a plea can be accepted, the defendant must be advised of the nature and range of possible sentence for the offense to which his plea is offered. 17 A.R.S., Rules of Criminal Procedure, rule 17.2.b. The state contends, however, that a condition of probation is not a sentence, *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978) and, therefore, falls without the parameters of rule 17.2.b. We do not hold today that a condition of probation is a sentence. We merely hold that the potential of receiving greater jail time than that which is specified in the plea agreement is a ramification of which the defendant must be aware if he is to make a voluntary and intelligent plea.

■ Sentencing is usually not accomplished when a defendant's plea is accepted, but is postponed until the judge can be supplied with a presentence report. 17 A.R.S., Rules of Criminal Procedure, rule 26.3. We cannot and do not require a trial judge to be clairvoyant and inform the defendant, when accepting his plea, of all potential conditions of probation that may later be imposed. The list would be legion. The necessity that the defendant's plea be voluntary, however, outweighs whatever small burden will be placed on a trial judge by requiring him to state that one of the conditions of probation that he can impose is jail time in an amount greater than that which is stipulated in the plea agreement.

■ The defendant completed his year in the Maricopa County Jail on October 23, 1978. He remains on probation, however, for two more years. Because of the collateral legal consequences that accompany a criminal conviction, we do not consider this

appeal moot, despite the fact that the defendant is now out of custody. *Sibron v. State of New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

*Boykin v. Alabama, supra*, requires that the record affirmatively disclose that a defendant who pled guilty entered his plea understandingly and voluntarily. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). However, "if on appeal the complete record is deficient as to some of the matters required by *Boykin*, but otherwise reflect[s] a voluntary, knowing, uncoerced plea and it appears that the record could be expanded to reflect the truth of what happened, the matter will be remanded to the trial court for further proceedings." *State v. Darling*, 109 Ariz. 148, 152, 506 P.2d 1042, 1046 (1973); *See also, State v. Carr*, 108 Ariz. 203, 495 P.2d 134 (1972); *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971); *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

We, therefore, remand to the trial court for a hearing to determine if the defendant knew, at the time of his guilty plea, that he could receive more than six months of jail time as a consequence of his plea. If the court finds that the defendant was adequately informed of this potential, it will so advise this Court by appropriate findings of fact. If these findings are supported by the evidence, the judgment of conviction will be affirmed. Should the court below find that the defendant was not advised of this potential, the plea will be set aside as involuntary.

So ordered.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.

HAYS, Justice, dissenting.

I dissent. The only issue in this case is presented in the second sentence in the majority opinion: "In the plea agreement, the parties stipulated that the defendant would make restitution to the victim and pay court costs to the county and that his *plea could be withdrawn if any prison time*

*were imposed."* (Emphasis added). This does not call for a dissertation on the ramifications of *Boykin* [*] nor is an in-depth study of voluntariness called for.

The plea agreement had a built-in safety valve for the defendant so far as the imposition of prison time was concerned. All the defendant had to do if he got prison time was to ask to withdraw his plea. The only question is: did defendant waive this provision of the plea agreement by failing to ask to withdraw the guilty plea?

The majority misses the point; waiver is the only issue in this case. From a review of the record, I find that defendant failed to ask to withdraw his plea, and he therefore waived this right. The judgment of conviction and sentence should be affirmed.

HOLOHAN, Justice, concurring.

I concur in Justice Hays's dissent.