596 P.2d 731

The STATE of Arizona, Appellee,

v.

Marty Ret HARRIS, Appellant.

No. 2 CA–CR 1701.

Court of Appeals of Arizona,
Division 2.

May 24, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

David W. Rees, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was placed on probation for two years for contributing to the delinquency of a minor, a misdemeanor.[1] He contends that a probationary period of two years is excessive. We find no merit and affirm.

Appellant's complaint is that although the maximum jail sentence he could possibly be required to serve is one year, the court placed him on probation for two years. Probation, however, is a matter of legislative grace, *State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975), and the court's authority is derived from the statutes. *State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977). Even if the maximum sentence is one year or less, the legislature has authorized placing a defendant on probation for up to two years. A.R.S. § 13–1657(A)(1).

Appellant also claims that the court, before accepting his plea, should have advised him that the probationary period

---

1. Pursuant to a plea agreement, appellant agreed to plead no contest. The state agreed to recommend probation and to permit appellant to withdraw his plea if he were not placed on probation.

could be two years. There is no requirement that the court advise a defendant that the probationary period may be longer than the maximum sentence. Rule 17.2(b), Rules of Criminal Procedure, 17 A.R.S., provides for informing a defendant of "[t]he nature and range of possible sentence . . . including any special conditions regarding sentence, parole, or commutation imposed by statute." Probation is not a sentence, but rather a feature of the suspension of imposition of sentence. *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978). Therefore, the length of the probationary period, although longer than the imposable sentence, is not a special condition regarding sentence, parole or commutation. Rule 17.-2(b), requires that a defendant understand the range of *sentence* and the special conditions applying to that sentence. *State v. Cuthbertson*, 117 Ariz. 62, 570 P.2d 1075 (1977).

In *State v. Cutler*, 121 Ariz. 328, 590 P.2d 444 (1979), our Supreme Court held that a defendant must be advised of the possibility that he could be required to serve one year in the county jail as a condition of probation. The court stated:

"We do not hold today that a condition of probation is a sentence. We merely hold that the potential of receiving greater jail time than that which is specified in the plea agreement is a ramification of which the defendant must be aware if he is to make a voluntary and intelligent plea." 590 P.2d at 446.

The rationale of *Cutler* is that because incarceration is a severe deprivation of liberty, a defendant cannot be given more jail time as a condition of probation than he could receive as a sentence, unless advised of the possibility when he pleads guilty. The *Cutler* rationale does not apply here as appellant was not facing the possibility of longer incarceration. We decline to equate the restraint of probation with a "severe deprivation of liberty."

Appellant bargained for a probation recommendation in exchange for his plea and the bargain was fulfilled. If he was unhappy with the length of the probation, he had the option of rejecting probation and requesting incarceration instead. See *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977); *State v. Davis*, 119 Ariz. 140, 579 P.2d 1110 (App.1978).

We find no abuse of the court's discretion in concluding that appellant would benefit from the longer period of supervision, particularly since appellant had previously been adjudicated a juvenile offender (a parole revocation proceeding was pending).

Our review of the record discloses no fundamental error.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.