616 P.2d 937
**STATE of Arizona, Appellee,**

v.

**Joe Espinosa SOTO, Appellant.**

**No. 1 CA–CR 4455.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 1, 1980.

Rehearing Denied Sept. 3, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The sole issue in this appeal is whether a guilty plea based on a plea agreement which provides that the defendant may withdraw his plea of guilty if "prison time" is imposed is rendered involuntary by a sentence of probation when a condition of that probation requires that the defendant spend more time in the county jail than he would if he were sent to prison.

The facts are not in dispute. On August 23, 1979, the defendant, Joe Espinosa Soto, was charged with driving while under the influence of intoxicating liquor while his driver's license was suspended, a class 6 felony under A.R.S. §§ 28–692, 28–692.02, 13–701, 13–702 and 13–801. At that time the defendant was on probation for a conviction of a similar charge arising out of city court.

The defendant, pursuant to a . written plea agreement, agreed to enter a plea of guilty to the August 23, 1979 charge on the conditions that the defendant "may w/draw if prison time imposed" and that any time served on that charge be made concurrent to any time imposed for violation of probation on the city court conviction.

At the time the plea was taken, the trial court made all the necessary factual determinations of voluntariness and informed the defendant of the possible jail terms for this class 6 felony. The trial court further discussed with counsel that any incarceration on the impending charge would be concurrent with his misdemeanor term of confinement for the probation violation. The trial court, however, did not inform the defendant of any possible jail time as a condition of probation, nor did the trial court inform the defendant that possible jail time as a condition of probation might invoke the withdrawal of plea provisions contained in his plea agreement.

The defendant was subsequently sentenced to three years probation, a condition of that probation being that he spend one year "flat time" in the Maricopa County Jail. The interpretation of both parties of the "flat time" provision is that the defendant must spend one full year in confinement, without double time or other credit. See A.R.S. § 31–144.

From this premise, the defendant points out that a class 6 felony carries a maximum punishment of 22.5 months; a minimum term of 9 months; and a presumptive term of 18 months. Given the double time credits he would have been entitled to receive if he had been sent to prison (see A.R.S. §§ 31–251 and 31–252), he would have been eligible for release from prison in 11.25 months if the maximum term had been imposed or in 9 months, if the presumptive term was given, both of which are less than the 12 months incarceration he received as a condition of probation.

Relying on the supreme court's 3 to 2 decision in State v. Cutler, 121 Ariz. 328, 590 P.2d 444 (1979), the defendant argues that the failure of the trial court to advise the defendant of the possibility that a jail time condition of probation could exceed the time he would have to stay in prison affected the voluntariness of his plea.

In Cutler, the defendant, under a plea agreement, pled guilty to unlawful failure to return a rented vehicle in violation of former A.R.S. § 13–677. That particular crime could be treated as a felony or misdemeanor, depending upon sentencing. Cutler's plea agreement, like the defendant's here, contained a condition that his plea could be withdrawn if any prison time was imposed. The trial court granted probation, but imposed as a condition of probation that Cutler receive a "flat" year of jail time. As the majority opinion in Cutler noted: "This was substantially the equivalent of a maximum prison term modified by good time and double time deductions." 121 Ariz. at 329, 590 P.2d at 445. Based upon a voluntariness analysis, the majority held:

> We . . . hold that the potential of receiving greater jail time than that which is specified in the plea agreement is a ramification of which the defendant must be aware if he is to make a voluntary and intelligent plea.
>
> \* \* \* \* \* \*
>
> . . . The necessity that the defendant's plea be voluntary . . . outweighs whatever small burden will be placed on a trial judge by requiring him to state that one of the conditions of probation that he can impose is jail time in an amount greater than that which is stipulated in the plea agreement.

121 Ariz. at 330, 590 P.2d at 446.

The dissent in Cutler contended that the issue presented was not one of voluntariness, but whether the plea agreement had been violated and the concomitant right of the defendant to withdraw his plea under those conditions. The dissent concluded that Cutler's right to withdraw his plea was waived by not exercising the right.

The state in this case seeks to distinguish Cutler on the basis that Cutler involved a situation where sentencing determined the degree of the crime—felony or misdemeanor—and that since Cutler bargained away the felony status (no prison term) he was surprised that he received incarceration equal to such prison time, thus affecting voluntariness. The state points out that the defendant here could not have been "surprised" about incarceration because he

pled to a felony charge and was aware that jail time could be imposed because of the impending revocation of his misdemeanor probation and therefore this defendant need not be told of a jail time condition of probation to make his plea voluntary.

In our opinion, the rationale of *Cutler* does not depend upon whether the defendant is aware of incarceration, but whether the incarceration may exceed that provided in his plea agreement. Both the majority and the minority in *Cutler* agree that a sentence which results in incarceration in excess of that contemplated by the plea agreement affects the plea, the only difference being whether that plea is affected initially (whether the plea is voluntary) or whether it merely triggers the withdrawal provisions of the plea agreement.

■ In any event, it is clear in this case that the defendant will be incarcerated for a longer period of time under the conditions of probation granted to him than he potentially would have received had he been sentenced to prison, a sentence which would have allowed him to withdraw his plea. Under the majority opinion in *Cutler*, the defendant must be informed of this possibility or his plea is involuntary. The remedy for this situation under *Cutler* is to remand the matter to the trial court for determination of whether the defendant knew that he could receive up to one year in jail as a condition of probation. If such knowledge is present, then the plea is voluntary; if not, the plea must be set aside.

Since we have no authority to overrule a supreme court pronouncement, we remand this matter in accordance with *State v. Cutler*. In doing so, we wish to point out two problems created by the majority opinion in *Cutler*. The first and most obvious is that a defendant may well be aware that as a condition of probation he could receive up to one year county jail time, but by his bargain he is assured that whatever incarceration he receives, it will not exceed the time he would have to spend in prison and that it will be spent in the county jail rather than at the Arizona State Prison. In this regard, it appears that the dissent in *Cutler* was on the right track in treating sentences which exceed those bargained for, not as affecting the voluntariness of the plea initially, but rather as triggering the withdrawal provisions of the agreement for its violation.

The second problem created by *Cutler* is that it establishes different classes of conditions of probation, some of which the defendant is entitled to be informed of and some of which he is not so entitled. In our opinion, this creates undue confusion for the trial bench.

■ In our opinion, the correct solution to this problem appears to be when a sentencing judge determines that probation is to be granted on condition that the defendant be incarcerated for a period of time in excess of that contemplated by the plea agreement, the trial court has, in essence, rejected a provision of the agreement. That rejection gives rise to a mandatory duty under Rule 17.4(e), Arizona Rules of Criminal Procedure, to grant the defendant an opportunity to withdraw his plea and exercise the automatic change of judge provisions of Rule 17.4(g). In our opinion, the duties imposed by Rule 17.4 are affirmative duties placed upon the court and cannot be waived by a defendant simply failing to withdraw his plea.

This matter is remanded with directions to make the factual findings required by *State v. Cutler*, and to proceed accordingly.

CONTRERAS, P. J., and OGG, C. J., concur.