751 P.2d 38
**STATE of Arizona, Appellee,**

v.

**Fernando CARRANZA, Appellant.**

**No. 1 CA–CR 11653.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 16, 1988.

Robert K. Corbin, Atty. Gen. by Paul J. McMurdie, Asst. Atty. Gen., and by Thomas E. Collins Maricopa Co. Atty., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Presiding Judge.

The sole issue in this appeal is whether failure to advise appellant that he would be required to participate in community service as a term and condition of probation rendered his plea involuntary.

By information filed January 30, 1987, appellant was charged with burglary in the third degree of a Safeway Food Store, a class 4 felony. *See* A.R.S. § 13–1506 (Supp.1986). Appellant entered into a plea bargain, agreeing to plead guilty to the burglary charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In exchange, the state agreed to dismiss Maricopa County Cause No. CR 87–00613 and an allegation of a prior felony conviction. *See* A.R.S. §§ 13–604(A), (K). The state also agreed to recommend intensive probation. In the event appellant received a sentence of imprisonment, he would be permitted to withdraw from the agreement. If appellant received probation that was not intensive, the state would be permitted to withdraw from the agreement.

On May 8, 1987, appellant entered a plea of guilty to the charge of burglary in the third degree, which was accepted by the court. On June 16, 1987, the trial court found appellant guilty of burglary in the third degree, suspended imposition of sentence, and placed appellant on intensive probation for a period of four years. The court also imposed various terms and conditions of probation, including a requirement that appellant participate in 40 hours of community service each month. Although not raised in the trial court, appellant ar-

gues on appeal that his guilty plea was not voluntarily, knowingly and intelligently entered because he was not advised that, as a result of his plea, he could be required to perform community service each month. We reject the argument.

Rule 17.2, Arizona Rules of Criminal Procedure, provides:

> Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:
>
> . . . .
>
> b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute; . . . .

 Rule 17.2(b) requires only that a defendant understand the range of sentence and special conditions applying to that sentence. Probation is not a sentence, but rather is a feature of the suspension of sentence. *State v. Harris,* 122 Ariz. 593, 596 P.2d 731 (App.1979) (court need not advise a defendant that the probationary period may be longer than the maximum sentence). Thus, terms and conditions of probation are not special conditions regarding sentence and do not come within the requirements of Rule 17.2(b).

 For a plea to be intelligently and voluntarily made, however, a defendant must be aware of and thoroughly understand its consequences. *State v. Cutler,* 121 Ariz. 328, 329–30, 590 P.2d 444, 445–46 (1979). Appellant argues that community service is a consequence of his plea, concerning which he must be advised prior to his plea. We disagree.

In *Cutler,* the Arizona Supreme Court held that, because incarceration is a severe deprivation of liberty, unless a defendant is advised of the possibility at the time he pleads guilty, he cannot be given more jail time as a condition of probation than the amount of jail time he could receive as a sentence. *Cutler,* 121 Ariz. at 330, 590 P.2d at 446; *see also State v. Soto,* 126 Ariz. 477, 616 P.2d 937 (App.1980). While all terms and conditions of probation re-

strict a defendant's liberty to some extent, they will rarely be so onerous as to be considered a severe deprivation of liberty. Thus, terms and conditions of probation are not generally consequences or ramifications of a guilty plea of which defendants must be made aware prior to entering their pleas.

 We hold that community service as a term and condition of probation is not, *per se,* a severe deprivation of liberty. Although the specific type of community service could, in theory, come within this category, that is not the situation before us. The exact nature of the community service appellant would be required to perform had not been ordered at the time of this appeal and is not shown in the record. In any event, a defendant would need to raise that matter before the trial court by post-sentence motion or by way of petition for post-conviction relief in order for it to be considered on appeal. *See State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987).

In accordance with the foregoing, we affirm the judgment and sentence.

GRANT and CONTRERAS, JJ., concur.