902 P.2d 834

**In the Matter of the APPEAL IN YUMA COUNTY JUVENILE ACTION NO. J–95–63.**

**No. 1 CA–JV 95–0042.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 19, 1995.

David S. Ellsworth, Yuma County Atty. by Karla Von Ammon Weeks, Deputy County Atty., Yuma, for appellee state.

Bruce Yancey, Yuma, for appellant juvenile.

## OPINION

GERBER, Judge.

B.C. appeals from the Yuma County Juvenile Court's denial of his motion to withdraw admission of responsibility to one count of burglary in the second degree. For reasons that follow, we affirm.

## BACKGROUND

On January 15, 1995, B.C. was found inside an unoccupied trailer attempting to steal magazines, knives and other small items. The state charged him with burglary in the

second degree, a violation of Arizona Revised Statutes Annotated (A.R.S.) section 13–1507.

On February 15, 1995, B.C. appeared with his father at a hearing and admitted responsibility for the burglary. The court adjudicated him delinquent and placed him on probation for six months.

After disposition, the Yuma County Juvenile Probation Department informed B.C. that he was prohibited from either owning or possessing a firearm until his thirtieth birthday pursuant to A.R.S. section 13–912.01(C). On March 10, 1995, B.C. made a motion to withdraw his admission of responsibility, which was denied.

B.C. timely appeals. He presents only one issue for review, namely, whether the juvenile court erred in failing to inform him of his future loss of right to own or possess a firearm.

## DISCUSSION

B.C. claims that he would have entered a plea of no responsibility had he known the firearm prohibition was a consequence of his admission to the offense. He further asserts that because he was not advised of this consequence, his admission was not made knowingly, intelligently, and voluntarily as required by Arizona Rules of Criminal Procedure, Rule 17.2.[1]

The state argues that the firearm prohibition is not part of sentencing but instead is part of a general suspension of civil rights resulting from B.C.'s conviction and therefore the trial court was not required to inform him of this consequence.

■ A trial judge is required to give a defendant notice of certain consequences of a guilty plea. Here, we determine what consequences a trial judge must inform a defendant about before a guilty plea is entered. Resolution of this matter requires the following two-step analysis: (1) whether the consequence of the guilty plea is direct or collateral; and if the consequence is direct, (2) whether the condition of sentencing is special or general. If the consequence is either

---

1. Pursuant to Ariz.R.Crim.P. 17.2, the trial court must inform the individual of: the nature of the charge; the nature and range of possible sentences, *including special conditions regarding* *sentence, parole or commutation;* the constitutional rights he gives up by admitting or pleading guilty; his right to counsel; and his right to plead not guilty. (Emphasis added.)

collateral to the guilty plea or direct but results from a general condition, the judge is not required to give the defendant notice.

### 1. Collateral or Direct Consequence

 We first ask whether the prohibition was a direct or collateral consequence of B.C.'s guilty plea. The distinguishing feature of a collateral consequence is that it is contingent upon some future event which is unascertainable at the time of sentencing.

 A defendant need not be informed of every conceivable collateral effect of conviction prior to acceptance of his guilty plea. *State v. Rodriguez*, 17 Ariz.App. 553, 554, 499 P.2d 167, 168 (1972). In *State v. Vera*, 159 Ariz. 237, 238, 766 P.2d 110, 111 (App.1988), we held that the trial judge need not inform the defendant of the possible deportation consequence of his guilty plea because it was collateral. Similarly, *United States v. Santelises*, 476 F.2d 787, 790 (2d Cir.1973), held that failure to inform a defendant that his guilty plea would subject him to deportation did not violate due process because "it [was] not such an absolute consequence of conviction . . . that a district judge must warn [the] defendant of the possibility of deportation."

 A direct consequence of a guilty plea represents a definite, immediate and automatic effect on the range of the defendant's punishment. *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973). *Cuthrell* held that when sentencing a defendant under a guilty plea, the court was not required to advise the defendant of his loss of good time credit. Although it increased the period of his actual confinement, the loss was not a definite, practical consequence of his plea. 475 F.2d at 1366.

B.C.'s firearm prohibition is not contingent upon any future event. The prohibition is a definite, immediate and automatic effect of his conviction. The gun prohibition begins immediately pursuant to A.R.S. section 13–904(H) and extends automatically until his thirtieth birthday pursuant to A.R.S. section 13–912.01(C). This prohibition is a direct consequence of his guilty plea.

### 2. General or Special Condition

 Given that the firearm prohibition is a direct rather than collateral consequence, we then ask whether the prohibition is a special or general condition of sentencing. Rule 17.2(b) requires the trial court to inform a defendant of any special conditions of sentence, parole or commutation before accepting a guilty plea. The rule clearly differentiates between general and special conditions. Under Rule 17.2(b), the trial court is not required to explain general conditions applicable to sentencing, parole or commutation. *State v. Henderson*, 165 Ariz. 186, 187, 797 P.2d 725, 726 (App.1990).

 "General" conditions are standard in the sense that they have uniform application to all defendants. They include statute-dictated terms such as those required by A.R.S. section 13–904(H) and A.R.S. section 13–912.01(C). By contrast, special conditions are circumstantial, customized and unique to each defendant, often taking the form of judge-written addenda to the general conditions.

 Here, the terms of B.C.'s probation are statute-dictated and uniformly apply to all juveniles in B.C.'s position. The terms of B.C.'s probation are general rather than special conditions. The judge was not required to inform B.C. of these general terms before accepting his guilty plea.[2]

B.C. agrees that he was advised of his legal rights and given a copy of the charge against him. He has not alleged that he

---

**2.** Even if the firearm prohibition is a special condition of probation, the trial judge was not required to inform B.C. of this prohibition because it was a term of probation and not a term of sentencing. According to *State v. Carranza*, 156 Ariz. 188, 189, 751 P.2d 38, 39 (App.1988), terms and conditions of probation are not generally consequences or ramifications of a guilty plea of which defendants must be made aware prior to entering their pleas. Although the acts required to be performed as conditions of probation may be onerous, they are not criminal sanctions or sentences. They are opportunities to avoid criminal sentencing. Therefore, the terms of probation and the potential results of violations of any terms of the probation need not be included within the warnings required to be given under Rule 17.2(b). *State v. Muldoon*, 159 Ariz. 295, 298, 767 P.2d 16, 19 (1988).

admitted responsibility under duress or threat or otherwise against his will. Although the firearm prohibition is a direct consequence of B.C.'s admission, it constitutes a general condition of sentencing. Therefore, the trial judge was not required to give B.C. notice of the prohibition before accepting his guilty plea. We conclude that B.C.'s admission was made knowingly, intelligently, and voluntarily according to Rule 17.2.

## CONCLUSION

For the foregoing reasons, we affirm the juvenile court's decision to deny B.C.'s motion to withdraw his admission of responsibility to one count of burglary in the second degree.

VOSS, P.J., and CONTRERAS, J., concur.