**Hershel MAXWELL, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

July 15, 1980.

Harry P. Hellings, Jr., Jolly, Johnson, Blau & Parry, Newport, for movant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for respondent.

CLAYTON, Justice.

At his arraignment in Campbell District Court, Hershel Maxwell pleaded guilty to first-degree criminal trespass and third-degree sexual abuse, a Class A misdemeanor and a Class B misdemeanor, respectively. The charges resulted from an incident in which Maxwell, in an intoxicated state, allegedly entered the apartment of a woman and began to make sexual overtures toward her. Maxwell stated in court that he believed the apartment belonged to a woman who had invited him there earlier that evening.

The record reveals that at the time of his arraignment (which was held the day after his arrest) Maxwell appeared confused about his need for an attorney, the seriousness· of the charges, the possible penalties involved and that he was primarily concerned about fulfilling an employment obligation that day. Nevertheless, Maxwell said, "I'll plead guilty to the charges, Your Honor, and ask for leniency." The court then continued the matter for sentencing purposes.

Prior to the sentencing hearing, Maxwell obtained the services of an attorney who promptly filed a motion to withdraw Maxwell's guilty plea. The court overruled the

motion, finding that Maxwell had intelligently waived his right to an attorney, and sentenced him to six months in jail for criminal trespass, ninety days in jail for sexual abuse (to run concurrently), and fined him $500 and courts costs.[1] This was Maxwell's first offense. Bond was fixed at $5,000 cash.

Under the facts of this case, we find that it was an abuse of discretion by the district court judge to deny movant's motion to withdraw his guilty plea. See RCr 8.10; see also *Allen v. Walter*, Ky., 534 S.W.2d 453 (1976) and D. Murrell, Kentucky Criminal Practice, Section 5.07 (1975).

The judgment of the Campbell District Court is reversed, and the case is remanded for proceedings consistent with this opinion.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.

---

1. As a matter of historical note, there was case authority to the effect that in misdemeanor cases where maximum and minimum penalties were prescribed and the defendant waived his right to a trial by jury and pleaded guilty, the judge was obliged to inflict the minimum penalty. *Brown v. Commonwealth*, Ky., 243 S.W.2d 885 (1951). Now the judge has discretion to fix the penalty between the maximum and the minimum. RCr 9.84(2).