**UNITED STATES of America, Appellee,**

v.

**Edward Kenneth WILLIAMS, Sr., d/b/a Williams Garage and Auto Parts, Appellant.**

No. 79–1727.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1980.

Decided Aug. 11, 1980.

Philip F. Miller, Des Moines, Iowa, for appellant.

Christopher D. Hagen, Asst. U. S. Atty., Des Moines, Iowa, argued, Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Edward Kenneth Williams, Sr. (Williams), appeals from an order of the district court entered on Williams' motion for reduction of sentence under Fed.R.Crim.P. 35. The controversy arises from a plea bargain, the terms of which are in dispute between the Government and the appellant. For reasons set forth below, we remand this case to the district court for further consideration and for a ruling on issues raised in the appeal which have not previously been presented to the district court.

I. *Background.*

A. *Plea Agreement.*

Williams, who owned a garage and auto parts shop, was indicted on twenty-eight counts of selling or receiving stolen motor vehicles, in violation of 18 U.S.C. § 2313 (1976). In addition, he was charged with one count of transporting a stolen vehicle, one count of selling or receiving stolen goods and, finally, one count of conspiring

to commit the above crimes. 18 U.S.C. §§ 2312, 2315, and 371 (1976) respectively. He initially pled innocent to all thirty-one charges, but subsequently he entered into a plea agreement. An Assistant United States Attorney stated the agreement for the record as follows:

I might state for the Court that there has been a plea agreement reached between the Defendant and the United States; and that is, first of all, that upon the plea by the Defendant of eight counts, those being Counts III, VI, VII, VIII, IX, X, XVI, and XVIII, that the Government, upon sentencing, would recommend the dismissal of the remaining 23 counts.[1]

Secondly, that upon any cooperation by Mr. Williams in conversing with the United States Government in its further investigation into this area, the United States would make that aware to the Court at the time of sentencing.

The district court did not formally accept or reject the plea agreement,[2] but it did accept Williams' pleas of guilty as having been entered "freely and voluntarily, with a full understanding of his Constitutional rights."

B. *The Sentencing.*

At the time of sentencing the Government and Williams' attorney advised the court that they had engaged in additional negotiations subsequent to the court's acceptance of Williams' pleas. That disclosure was made as follows:

MR. UHL [For Williams]: Your Honor, may it please the Court. After the time of sentencing, it also became a part of that negotiation that if the Defendant did cooperate with the Federal Bureau of Investigation and talked to them, the United States of America, if they thought that evidence was true and correct as to cases against Ed O'Brien, a co-defendant,

would dismiss charges as to Mr. Williams' son, Brian Williams.

MR. BLANE [Assistant United States Attorney]: That is also correct, Your Honor. That was not part of the plea negotiations or the agreement recited to the Court at the time of the plea, but that was a statement made by myself to Mr. Uhl and to Mr. Williams.

In his presentation to the district judge, Williams' attorney asked that no sentence be made to run consecutively and requested leniency.

Thereafter, the Government, through its Assistant United States Attorney, made the following statement with regard to the plea agreement that existed at the time Williams changed his plea from not guilty to guilty.

Your Honor, pursuant to the plea negotiations at the time of the plea, the Government was, at the time of sentencing, to make a statement to the Court of cooperation or non-cooperation by the Defendant, Mr. Ed Williams. At this time the United States Government has no comment on the cooperation, due to the fact that the cooperation is not complete until two more prongs of that cooperation are completed; namely, the Grand Jury testimony and truthful testimony at trial in this case. Therefore, the Government is not in a position at this time to state whether or not Mr. Williams has cooperated.

Based upon that, the Government feels it is necessary to recommend to the Court that the Court sentence this individual *contingently* at this time, and that we would, contrary to what Mr. Uhl states, believe that there should be some incentive provided for Mr. Williams to continue to cooperate with the United States, and that Mr. Williams be sentenced contingently and that sentence provide such initiative, and therefore we would ask

---

1. Each of the eight counts to which Williams pled guilty charged him with sale or receipt of a stolen motor vehicle.

2. The only action of the court with regard to the plea agreement was to repeat its terms when asking Williams whether he had entered into "any other sort of plea agreement[.]"

that he be sentenced in that manner. [Emphasis added.]

The district judge responded as follows:

At this stage of the proceedings, in view of the type of plea agreement that has been entered into, the Court is not in a position to know whether or not this Defendant is attending to or will carry out the provisions of the plea agreement that have been entered, which relate to a Grand Jury appearance and also testimony at trial.

\*     \*     \*

As indicated, the sentence I am going to impose, I will impose as if there were no plea agreement and any manner of cooperation at this time. If the plea agreement is satisfactorily discharged, I will consider and if necessary hold a hearing upon whether or not this sentence ought to be reduced under Rule 35.

The district court then proceeded to sentence Williams to serve five years of imprisonment on each of the eight counts to which he had pled guilty. The court set the sentences on four of these counts to run consecutively and the sentences on the other four counts to run concurrently with the consecutive terms, resulting in the imposition of twenty years' imprisonment on the appellant. In addition, the court imposed a $5,000 fine on each of four counts, for a total fine of $20,000.

## C. *Motion to Reduce.*

Two months after sentencing, Williams filed a motion to reduce his sentence under Fed.R.Crim.P. 35. That motion did not attack the legality of the sentencing procedures but asserted that appellant had cooperated with the Government in conformity with a "plea agreement."

The district court held a hearing on the Rule 35 motion at which the Government resisted reduction of the sentence. The Government maintained that Williams had only reluctantly complied with part of the alleged agreement and that, by refusing to testify truthfully at the trial of a codefendant, one Edward O'Brien, Williams had failed to comply with another part of the alleged agreement. Williams took the posi-

tion that he had not refused to testify, but simply had expressed a reluctance out of concern for the safety of his family. The Government, however, asserted that Williams had stated to an Assistant United States Attorney that he would not and could not testify truthfully and honestly, consistent with his grand jury testimony, in the trial of Edward O'Brien. The United States Attorney did not call Williams to testify in that case.

After hearing the evidence on the Rule 35 motion, the district court granted some relief, stating as follows:

The defendant was [initially] sentenced to four consecutive five year sentences and a total fine of $20,000 because of his involvement in an organized stolen car operation. He also received four more concurrent sentences. The Court indicated at that time that the sentence was being imposed as if there were no plea agreement and no manner of co-operation. Since there was some co-operation, the Court will grant some reduction in the sentence imposed.

The district court reduced Williams' sentence from twenty years' incarceration to fifteen years, and the total fine from $20,000 to $10,000.

## II. *Williams' Appeal.*

Williams brought this appeal claiming that the district court abused its discretion by granting only a five-year reduction in the sentence, and that the court imposed an invalid sentence based upon a plea agreement to which he had in fact never agreed. In Williams' brief the following statement asserts this position:

In the case now before the Court, the only term imposed on the Defendant at any point prior to entry of the guilty plea was that he cooperate with the Government. At that time, no specific steps-or as called later, prongs-had been established. Therefore, Defendant had a new agreement imposed on him following entry of his plea, which he had to fulfill in

order to get the full benefit of his bargain.

Williams' brief and oral argument raise a number of difficult issues not previously addressed to the district court. In his Rule 35 motion Williams sought to reduce rather than to correct his sentence, claiming that he had fully cooperated.[3] On appeal Williams, through new counsel, has questioned the Government's compliance with the plea agreement and court's compliance with the procedure mandated by Fed.R.Crim.P. 11(e). These are substantial questions which the district court has not had opportunity to consider. In these circumstances, we believe it best to remand this cause to the district judge who presided throughout the change of plea, sentencing, and Rule 35 proceedings.

We suggest that the court consider the following questions on remand:

1) Whether the district court expressly or impliedly accepted the plea agreement. *See* Fed.R.Crim.P. 11(e)(3).

2) Whether the parties altered the plea agreement; if so, whether that alteration was valid.

3) If only one valid plea agreement ever existed, whether the United States Attorney violated that agreement by refusing to comment on cooperation at the time of sentencing.

4) Whether the court rejected the plea agreement without affording the defendant an opportunity to withdraw his plea, in violation of Fed.R.Crim.P. 11(e)(4).

5) Whether the court contingently rejected the agreement, subject to possible later acceptance at the Rule 35 proceeding, in violation of Rule 11(e)(3) and (4).

*Cf. United States v. Gallington,* 488 F.2d 637, 640 (8th Cir. 1973), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974) (role of the court is limited to acceptance or rejection of the plea agreement).

6) If the district court determines either that the plea agreement was breached or that the sentence was imposed in an illegal manner, to what relief is the appellant entitled?

On remand, Williams may amend his Rule 35 motion to bring before the district court his claims against the legality of the sentence or its imposition. We decline to pass on the merits piecemeal and, therefore, our remand is without prejudice to claims raised on this appeal attacking the ruling of the district court in response to Williams' motion to reduce his sentence.

Accordingly, we vacate the order dated August 16, 1974 (filed August 17, 1979) on the motion made by Williams to reduce his sentence under Fed.R.Crim.P. 35, and remand this case to the district court for further appropriate proceedings.

Order vacated and cause remanded.

---

3. The version of Rule 35 in effect at the time Williams filed his motion provided as follows:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. [Fed.R.Crim.P. 35 (1976).]

A subsequent amendment subdivided the rule into parts (a), which governs sentence correction, and (b), which controls reduction of sentences. 18 U.S.C.A. Fed.R.Crim.P. 35 (West Supp.1980) (effective Aug. 1, 1979).