**UNITED STATES of America, Appellee,**

v.

**Edward Kenneth WILLIAMS, Sr., d/b/a Williams Garage and Auto Parts, Appellant.**

No. 80–2130.

United States Court of Appeals, Eighth Circuit.

Submitted June 19, 1981.

Decided Aug. 14, 1981.

**358**

Roxanne Barton Conlin, U. S. Atty., Christopher D. Hagen, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Philip F. Miller, Des Moines, Iowa, for appellant.

Before HEANEY, BRIGHT and STE-PHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

In a previous decision, we remanded this case to the district court to address certain issues not previously considered in appellant Williams' motion under Rule 35 for reduction of his sentence. *United States v. Williams*, 627 F.2d 154 (8th Cir. 1980). On remand, the district court, in an unpublished opinion, explained its prior ruling and found no reason to alter the fifteen-year prison sentence imposed on Williams.

Our prior opinion sets out the full factual background and we need consider only the plea arrangement in this appeal. Confusion arises because the record clearly indicates that Williams and the prosecutor made two separate agreements. In the first—the plea bargain—Williams agreed to plead guilty to eight counts of the indictment in exchange for the Government's promises: 1) to drop the remaining twenty-three counts; 2) to bring no further charges against Williams arising from this transaction; and 3) to make the court aware at sentencing of any cooperation by Williams.[1]

Between the time of the plea and that of sentencing, Williams entered into a second agreement that also related to cooperation. He promised to give a statement to the FBI, to testify before the grand jury, and to testify at trial. In exchange, the Government promised to drop all charges against Williams' son and inform the court of the extent of Williams' cooperation. As explained at sentencing by Richard Blaine, Assistant United States Attorney, this agreement "was not part of the plea negotiations or the agreement recited to the Court at the time of the plea * * *."

At the time of sentencing, the Government refused to give the court a statement as to Williams' cooperation because conditions of the second agreement remained to be fulfilled. The district court then sentenced Williams as if no agreement regarding cooperation had been reached, but stated that such cooperation would be considered in a Rule 35 proceeding. Accordingly, the court sentenced Williams to four consecutive and four concurrent five-year sentences, for a total sentence of twenty years, and fined him $20,000.

Two months later Williams filed a motion under Rule 35, requesting the court to reduce his sentence in exchange for his cooperation with the Government. The Government informed the court that Williams had spoken to the FBI and to the grand jury but had refused to testify at the trial of his codefendant. The court, finding partial cooperation, reduced Williams' sentence to three five-year consecutive sentences and five concurrent five-year sentences, for a total of fifteen years' incarceration. The court also reduced the fine to $10,000.

■ After examining the record, we conclude that the Government breached the initial plea agreement as approved by the district court. This agreement required the Government to make Williams' cooperation known to the court at the time of sentencing, regardless of the later second agreement. At sentencing, however, the Assistant United States Attorney refused to give such a statement, instead informing the court:

> at the time of sentencing, any cooperation that might be forthcoming, and also an agreement not to add any further charges of any kind growing out of this matter.
>
> Has there been any other sort of a plea agreement entered into?
>
> THE DEFENDANT: That's the total agreement, is what I understood, yes.

---

1. The transcript of the plea proceeding indicates the parties' understanding of the plea bargain:

    THE COURT: Now, the plea agreement, I understand is an agreement by the Government to dismiss the remainder of the counts upon sentencing on these eight counts, and also a further agreement on the part of the Government to call to the Court's attention,

Your Honor, pursuant to the plea nego- tiations at the time of the plea, the Government was, at the time of sentenc- ing, to make a statement to the Court of cooperation or non-cooperation by the De- fendant, Mr. Ed Williams. At this time the United States Government has no comment on the cooperation, due to the fact that the cooperation is not complete until two more prongs of that cooperation are completed; namely, the Grand Jury testimony and truthful testimony at trial in this case. Therefore, the Government is not in a position at this time to state whether or not Mr. Williams has coopera- ted. [*United States v. Williams, supra,* 627 F.2d at 155.]

In our view, the Government breached the plea agreement by refusing to inform the court of Williams' cooperation up to the time of sentencing.

We, nevertheless, affirm the sentence as imposed. To remedy a breach of a plea bargain, a court must either permit the plea to be withdrawn or mandate specific per- formance of the bargain. *See Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). In the present case, the district court has already effectively granted specific performance of the plea agreement, albeit some time after the breach. At the Rule 35 proceeding, the prosecutor made the district court aware of the full extent of Williams' cooperation and the district court took this cooperation into account in reducing Williams' sentence. Under these circumstances, we can order no further relief. In essence, Williams has al- ready received any remedy to which he is entitled, and, therefore, has suffered no prejudice through the Government's breach of the plea agreement.

Nevertheless, we have some question about the prosecutor's conduct in this case. By agreeing to make a statement regarding Williams' cooperation as a term of the plea bargain and then requiring further coopera- tion before making such a statement, the prosecutor in effect unlawfully added con- ditions to the plea bargain after the plea had been entered. In addition, by request- ing a "contingent" sentence until defendant satisfied the prosecutor with his coopera- tion, the prosecutor breached the bargain.

A contingent arrangement poses the danger that the prosecutor may exercise improper control over a potential witness. This degree of control may well coerce the potential witness to testify untruthfully to aid the prosecutor's cause and his own. A prosecutor, of course, may seek voluntary cooperation from a defendant and may dis- close such cooperation to the sentencing judge. The trial court, however, must care- fully supervise such arrangements, especial- ly where they are entwined with previously entered plea bargains. *See United States v. Mack,* 655 F.2d 843 at 848 (8th Cir. 1981).

We affirm here because the trial judge has assured this court that he gave full consideration to Williams' cooperation in re- ducing the sentence. If, in retrospect, or in light of our remarks here, the district court now believes that Williams would have re- ceived a different sentence had the Govern- ment fully complied with the plea bargain, it may in its sole discretion afford Williams further relief by amending its sentence im- posed under Rule 35.

Affirmed.