Henry JEWELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

March 12, 1987.

Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

LAMBERT, Justice.

Appellant appeals to this Court as a matter of right from a judgment of the Hardin Circuit court sentencing him to twenty years imprisonment for assault in the first degree. The issues are whether the trial

court erred in failing to inform appellant of the range of sentences which could be imposed if he pled guilty, and whether such failure entitled appellant to withdraw his guilty plea.

Appellant and two other persons were indicted for murder. On the day assigned for trial, appellant and his counsel appeared in court and all parties announced ready. The jury was called, voir dire examination was conducted by the court and counsel, and the jury was sworn to try the case. Prior to opening statement, however, the Commonwealth's Attorney informed the Court that plea negotiations had resulted in an agreement whereby the Commonwealth would move to amend the indictment against appellant from murder to assault in the first degree, conditioned upon appellant's plea of guilty to the amended charge. Counsel for appellant acknowledged that appellant would plead guilty if the charge was so amended.

Appellant was then sworn by the court and a *Boykin* hearing was conducted. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The transcript reveals that the trial judge conducted a thorough inquiry of appellant and determined that the plea was voluntarily and intelligently made. At no time during the hearing, however, did the trial judge specifically inform appellant of the range of sentences which could be imposed, but during the hearing, the Commonwealth's Attorney recommended twenty years. At the conclusion of the hearing, the court ordered a presentence investigation and report and deferred final sentencing until May 27, 1986. On the day set for sentencing, appellant moved the court for leave to withdraw his guilty plea. His stated reason for wishing to withdraw his earlier plea was "... I was getting max time on a first degree assault." After reminding appellant that a jury had been empaneled to try his case, and reminding him of the plea agreement he had signed and his guilty plea, the court overruled appellant's motion to withdraw

* *Whitten v. State,* 587 S.W.2d 156 (Tex.Cr.App., (1979) is predicated on a rule which requires disclosure of the range of punishment. See

his guilty plea. A sentence of twenty years confinement was imposed.

■ Appellant contends that the trial court erred in failing to inform him of the range of sentences which could be imposed, and that such failure entitled him to withdraw his guilty plea. Our attention is directed to *Boykin v. Alabama, supra, Turner v. Commonwealth,* Ky.App., 647 S.W.2d 500 (1983); *Maxwell v. Commonwealth,* Ky., 602 S.W.2d 169 (1980), and RCr 8.08. Appellant's reliance on *Turner* and *Maxwell* is simply misplaced. *Maxwell* bears little, if any, factual similarity to the case at bar, and *Turner* cuts sharply against appellant as follows:

However, a knowing, voluntary and intelligent waiver does not necessarily include a requirement that the defendant be informed of every possible consequence and aspect of the guilty plea. A guilty plea that is brought about by a person's own free will is not less valid because he did not know all possible consequences of the plea and all possible alternative courses of action. To require such would lead to the absurd result that a person pleading guilty would need a course in criminal law and penology.

RCr 8.08 simply prohibits acceptance of a guilty plea "... without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Boykin* does not require that a defendant be informed of the range of sentences which may be imposed. The transcript fails to reveal any violation of appellant's constitutional rights.

Appellant also cites *State v. Cutler,* 121 Ariz. 328, 590 P.2d 444 (1979) and *Whitten v. State,* 587 S.W.2d 156 (Tex.Cr.App., 1979) *. These authorities strongly support appellant's position that a defendant must be apprised of the range of sentences, or his guilty plea is invalid. We have taken note and given proper regard to these authorities, but decline to adopt such a rule.

Texas Code of Criminal Procedure, Article 26.-13(a)(1).

A multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial. It would be impossible to inform a defendant of all facts and all law which might affect his decision. A defendant has a right to counsel, and a right to a proper *Boykin* hearing prior to entry of a guilty plea. We believe such provides sufficient safeguards.

The judgment of the trial court is affirmed.

Full Court sitting.

All concur.