41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby EASTON, Petitioner-Appellant,
v.
William C. SEABOLD, Respondent-Appellee.
 No. 93-6208.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Bobby Easton, a Kentucky prisoner represented by counsel, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Easton was originally tried in June 1989 on charges of receiving stolen property and of being a persistent felony offender in the first degree. That trial ended in a hung jury and a mistrial was declared. While out on bond awaiting a new trial, Easton was arrested on a new charge of possession of a handgun by a convicted felon. On July 21, 1989, Easton entered a guilty plea to the charges of receiving stolen property and first-degree persistent felony offender. The handgun charge was dismissed. Easton was released on bond until the sentencing hearing. Later the same day, he was arrested on a new charge of receiving stolen property. Easton remained in custody until sentencing.
 
 
 4
 On August 18, 1989, the day set for sentencing, Easton moved for leave to withdraw his guilty plea on the ground that the Commonwealth had allegedly agreed to let him remain out on bond pending sentencing but had breached this agreement. The motion was denied on September 1, 1989. Easton was sentenced to 10 years in prison. An appeal of the trial court's denial of the motion to withdraw the guilty plea was never filed.
 
 
 5
 Easton's motion to vacate his sentence, filed pursuant to Ky.R.Crim.P. 11.42, was denied in an order entered May 8, 1990. The Kentucky Court of Appeals affirmed the denial of the motion.
 
 
 6
 Easton then brought a petition for a writ of habeas corpus asserting that (1) the prosecuting attorney breached the plea agreement by preventing Easton's release on bond between the entry of the guilty plea and the sentencing hearing; (2) counsel was ineffective in that he failed to file a timely appeal of the denial of the motion to withdraw the guilty plea; and (3) the sentencing judge erred when he failed to grant Easton's motion to withdraw his guilty plea. The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed with prejudice. Despite Easton's objections, the district court adopted the report and recommendation in an order dated August 6, 1993. This appeal followed.
 
 
 7
 Upon review, we conclude that the district court properly denied Easton's habeas petition as Easton was not denied a fundamentally fair trial. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 8
 Easton is procedurally barred from pursuing his federal habeas petition because he failed to appeal the order denying his motion to withdraw his guilty plea. In all cases in which a state prisoner has defaulted in presenting his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991). The federal habeas courts must look to the last explained state court decision to determine whether the state has, indeed, relied upon procedural default to decide the claim. Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 2595 (1991); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir.1991) (per curiam).
 
 
 9
 The Kentucky Court of Appeals declined to address Easton's federal claims because Easton failed to appeal the denial of his motion to withdraw his guilty plea. In Kentucky, an appeal is possible from the denial of a motion to withdraw a guilty plea. See Maxwell v. Commonwealth, 602 S.W.2d 169 (Ky.1980).
 
 
 10
 Easton cannot demonstrate prejudice, and none otherwise exists to excuse his procedural default in the Kentucky courts, because the promise to allow him to remain out on bond was not a significant part of the plea agreement. See Santobello v. New York, 404 U.S. 257, 262 (1971). The record is void of any indication that the promise of a recommendation of release was part of the plea agreement at all. No mention was made of release on bond being part of the plea agreement either by Easton or his attorney. Likewise, there is no mention of such a condition in the waiver of further proceedings and petition to enter a plea of guilty executed by Easton on July 21, 1989.
 
 
 11
 Even if it is assumed that the promise to recommend release on bond pending sentencing was a significant part of the plea agreement, the record does not support Easton's claim that the plea agreement was breached. The Commonwealth agreed to recommend that Easton remain out on bond pending sentencing. Easton concedes that the Commonwealth did, in fact, make this recommendation. Thereafter, when the Assistant Commonwealth Attorney who was handling the case was out of town, and in response to citizen outcry over Easton's release, the Commonwealth Attorney sought a warrant for Easton's arrest on outstanding charges. The Commonwealth Attorney had no reason to believe Easton's release was in any way part of the plea bargaining agreement since it was not contained in the record. He believed the release had been allowed so that Easton could assist the police in dissolving the fencing ring of which Easton had been a participant.
 
 
 12
 Again, even if it is assumed that a breach did occur, Easton received relief from such a breach. The remedy for a breach of a plea agreement is either withdrawal of the plea or specific performance of the bargain. See United States v. Williams, 656 F.2d 357, 359 (8th Cir.1981). In this case, Easton was credited for the days between July 21 and September 1, 1989, that he spent in jail pending his sentencing hearing. Thus, Easton received specific performance as he received the minimum sentence possible under the charge, and such sentence was reduced by any previous time spent in jail. No further relief can be ordered and, as such, Easton has not been actually prejudiced by the breach. See id.
 
 
 13
 Finally, the present case does not present the extraordinary case in which an alleged constitutional violation may have resulted in the conviction of a defendant who is actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Olsen v. McFaul, 843 F.2d 918, 932 (6th Cir.1988). Easton pleaded guilty to the charges against him. At the plea hearing, Easton affirmatively stated under oath that he was guilty of receiving stolen property valued over $100 and of being a first-degree persistent felony offender. Thus, any alleged violation of the plea agreement in the case at bar did not result in the conviction of an innocent person. Accordingly, the district court properly denied habeas corpus relief.
 
 
 14
 For the foregoing reasons, the district court's order is affirmed.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation